IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEANTE KIEVON CLAY, (TDCJ #01917341) | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1760 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Texas state inmate Deante Kievon Clay filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2014 state-court conviction for aggravated robbery. (Docket Entry No. 1). Clay also filed a memorandum in support of his petition. (Docket Entry No. 2). The respondent, Lorie Davis, moves for summary judgment on the ground that the petition is barred by the one-year statute of limitations. (Docket Entry No. 11). Clay objects. (Docket Entry No. 14). Also pending before the court is Clay's motion to amend his petition. (Docket Entry No. 18).

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

**I.  Background and Claims**

Clay pleaded guilty to one count of aggravated robbery with a deadly weapon in Cause Number 1403118, pending in Harris County, Texas. In March 2014, the trial court sentenced Clay to a 15-year prison term under the terms of a plea agreement.

The Fourteenth Court of Appeals of Texas dismissed Clay's direct appeal after finding that Clay had no right of appeal. *Clay v. State*, No. 14-14-00290-CR, 2014 WL 2039994 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.). In October 2017, Clay filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Clay*, Application No. WR-87,919-03. The Texas Court of Criminal Appeals denied the application in April 2018, without a hearing or written order, on the findings of the trial court.

Clay filed this federal petition in May 2018, asserting that he received ineffective assistance, because trial counsel:

1. provided "misinformation" in connection with Clay's guilty plea;

2. failed to challenge the State's case in any meaningful way; and

3. failed to prepare for trial.

(Docket Entry No. 1, at 6; Docket Entry No. 2).

The threshold issue is whether Clay filed his petition too late to permit consideration of his claims.

## II. The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas

corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Clay is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). The court broadly interprets Clay's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The One-Year Statute of Limitations

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Clay challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Clay's conviction became final on June 16, 2014, when his time to file a petition for discretionary review expired. *See* TEX. R. APP. P. 68.2(a); TEX R. APP. P. 4.1(a). The limitations period expired one year later on June 16, 2015. Clay did not file his federal petition until May 24, 2018. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Clay's state habeas application did not toll the limitations period because he filed the application well after June 16, 2015, when the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application filed after the limitations period has expired has no tolling effect).

No other AEDPA provision applies to extend the limitations period for an additional three years. Clay does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C) Nor do any of Clay's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D).

4

In his petition, Clay alleges that he did not discover the factual predicate of his claims until September 2017. *See* Docket Entry No. 1, at 9; Docket Entry No. 2, at 9; *see also* Docket Entry No. 13. He asserts that he was unaware of the "misinformation" provided by trial counsel until he received a copy of the police incident report. *Id.* Clay contends that the report contradicts trial counsel's statement that the complainant described Clay's facial tattoos to the police. (Docket Entry No. 2, at 6). Clay's argument is not persuasive. First, the record reflects that the complainant returned to the crime scene with police and immediately identified Clay as the person who robbed him. *See* Docket Entry No. 12-13, at 100, 108–09. Second, Clay confuses the date that the factual predicate of his claims could have been discovered through the exercise of due diligence with the date on which it was in fact discovered. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (petitioner confuses his knowledge of the factual predicate for his claims with the time permitted for gathering evidence in support of those claims); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). The factual predicate of Clay's claims either became known or could have become known prior to the date that his judgment became final.

Clay also fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted

only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Clay or prevented him from filing within the deadline. Nor does the record support a conclusion that Clay was diligent in pursuing his rights. Clay let more than three years pass between the date his conviction became final and when he first sought to file a state habeas application. He then waited an additional month after the Court of Criminal Appeals denied his state habeas application before filing his federal petition. Waiting to pursue claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights"). Clay fails to show that he diligently pursued his rights or that any extraordinary circumstance prevented him from timely filing his federal habeas petition.

The record discloses no other basis to extend the limitations period. Given Clay's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 11), is granted. The petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as time-barred. Clay's motion to amend his petition to include a statement of the relief sought, (Docket Entry No. 18), is denied as moot. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Clay stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on February 1, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

7